UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21142-CIV-SEITZ/McALILEY

ZAIDA ARANDA,

    Plaintiff,

v.

JEWISH COMMUNITY SERVICES
OF SOUTH FLORIDA, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR ENTITLEMENT TO COSTS

THIS CAUSE came before the Court on Defendant's Motion for Entitlement to Costs [DE 73], which was referred to the undersigned for resolution by the Honorable Patricia A. Seitz. [DE 17].

### I.  Background

On April 27, 2005, Plaintiff filed a complaint against Defendant alleging violation of the Family and Medical Leave Act ("FMLA"), the Fair Labor Standards Act ("FLSA") and the Florida Whistleblower Act ("FWA") [DE 1]. The FMLA and FWA counts were voluntarily dismissed with prejudice [DE 25]. After Plaintiff failed to appear for trial, the Court dismissed her case with prejudice. [DE 72]. Defendant then filed the present Motion seeking costs as the prevailing party, pursuant to Fed. R. Civ. P. 54 (d). Plaintiff did not file a response to Defendant's Motion.

**II.     Analysis**

Rule 54(d), Fed. R. Civ. P., provides that a prevailing party is entitled to costs as a matter of course. However, Rule 54(d) also grants this Court the discretion to refuse to tax costs in favor of the prevailing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Title 28 U.S.C. § 1920 enumerates the costs that may be taxed pursuant to Rule 54(d). *Crawford Fitting Co.,* 482 U.S. at 441-2. Here, there is no dispute Defendant is the prevailing party and thus presumptively entitled to recover costs.

To prevail Defendant must provide the Court sufficient information to demonstrate that the costs it seeks to recover are authorized by §1920 and were reasonable or necessarily incurred. Defendant has not done this. Rather, it has only stated, in a conclusory fashion, that it is entitled to the costs it seeks, without providing information upon which this Court can independently reach that conclusion. Having failed to substantiate its claims, Defendant's motion must be denied.

**A.     Deposition transcripts**

Taxation of deposition costs is authorized by section 1920(2), so long as they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *United States Equal Employment Opportunity Commission v. W.& O., Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000).

> Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable. The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case.

*Id*. (internal quotation marks and citations omitted).

In its motion Defendant asks to recover $4,491.71: the cost of "obtaining transcripts from numerous depositions taken in this case. . . . all of whose testimony was important to this case and reasonably necessary for the defense of this case." [DE 73 , pg. 5]. Defendant does not, however, provide this Court with any information, beyond this conclusory assertion, that would allow this Court to conclude that the transcripts were "necessarily obtained for use in this case;" Defendant has not identified the deposition transcripts for which it seeks reimbursement, it has not provided any information about why those particular transcripts were ordered, and it has not provided invoices to support its claim.[1] With no information upon which this Court can independently assess Defendant's claim, this request must be DENIED.

**B.    Copying costs**

Defendant asks to recover $1,401.60 incurred in making copies of various documents used in defense of Plaintiff's claims. Coping costs are recoverable under § 1920(4). "[L]ike with depositions, in evaluating copying costs, the court should consider whether the

---

[1] Local Rule 7.3.C requires that a party seeking costs "attach copies of any documentation showing the amount of costs."

prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *See United States Equal Employment Opportunity Commission*, 213 F.3d at 623. Copies made merely for the convenience of counsel are not taxable costs. *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). General copying costs are not recoverable. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

Again, Defendant provides this Court no information about the copying charges it seeks to recover from Plaintiff, beyond its conclusory assertion that "[t]hese costs do not include copies produced for the convenience of counsel, but were necessarily obtained for use in this case . . . and are therefore recoverable." [DE 73, p. 5].

> The party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made.

*Helms*, 808 F. Supp. at 1570. *See also Desisto College, Inc. v. Town of Howey-in-the-Hills,* 718 F. Supp. 906, 914 (M.D. Fla.1989)(declining to award photocopy costs where party did not itemize the photocopies that are the subject of the motion).

The Defendant has not provided the Court any evidence to support its claim for copying costs; therefore this claim is DENIED.

### C.      Service of subpoenas

Defendant seeks $216.00 for the service of trial subpoenas. Cases decided in this district allow the taxation of process servers' fees. *See e.g., Tang How v. Edward J. Gerrits, Inc,.* 756 F. Supp. 1540, 1545 (S.D. Fla. 1991). Without any documentation to support Defendant's request, this Court must also DENY this request.

### D.      Costs not specifically enumerated in 28 U.S.C. §1920.

Defendant seeks telephone and fax charges in the amount of $682.98 and computerized legal research costs in the amount of $4,760.59. There is authority to support a finding that these costs may be recoverable but only if they were reasonably incurred. *See Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)(long distance telephone charges are appropriate expenses under §1920 to the extent they are reasonable); *Terry Properties, Inc. v. Standard Oil Co.,* 799 F.2d 1523, 1540 (11th Cir. 1986)(reasonable costs of computer research may be recoverable). Defendant has provided the Court no information that could support a finding that these charges are reasonable. Accordingly, Defendant's request that it be awarded costs for telephone and fax charges and computerized legal research is DENIED.

### III. Conclusion

For the reasons stated above, this Court does hereby

**ORDER and ADJUDGE** that Defendant's Motion for Costs **[DE 73]** is **DENIED**.

DONE and ORDERED in chambers at Miami, Florida this 5th day of March, 2007.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

*Copies to:*
 The Honorable Patricia A. Seitz
 All Counsel of Record